UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEE BELLINGER, | ) |
|                 Plaintiff(s), | ) Case No. 2:14-cv-01718-RFB-NJK |
| vs. | ) REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
|                 Defendant(s). | ) |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. Ch. 7. Currently pending before the Court is Plaintiff's Motion to Reverse or Remand. Docket No. 13. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 16, 17. No reply was filed. This action was referred to the undersigned magistrate judge for a report of findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 1-4.

I.     STANDARDS

    A.     Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2003). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

//
//

B.  Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20

C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II. BACKGROUND

### A. Procedural History

In January 2011, Plaintiff filed applications for a period of disability and disability insurance benefits and supplemental security income alleging that he became disabled on June 1, 2008. *See, e.g.*, Administrative Record ("A.R.") 224-34. His claims were denied initially in October 2011, and upon reconsideration in February 2012. A.R. 109-112. On March 6, 2012, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 163. On May 15, 2013, Plaintiff, his attorney, and vocational expert appeared for a hearing before ALJ Mason D. Harrell, Jr. *See* A.R. 42-76. On June 24, 2013, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, from June 1, 2008, through the date of his decision.

A.R. 23-41. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on August 21, 2014. A.R. 1-7.

On October 16, 2014, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

B.   The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920, and issued an unfavorable decision on June 24, 2013. A.R. 23-41. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2012, and has not engaged in substantial gainful activity since June 1, 2008. A.R. 28. At step two, the ALJ found that Plaintiff has the following severe impairments: bilateral inguinal hernia, cervical spine disc protrusion without stenosis, carpal tunnel syndrome, peripheral neuropathy, hypertension under partial control, alcohol and marijuana abuse, and obesity. *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 28-29.

The ALJ found that Plaintiff had the residual functional capacity as follows:

> to perform light work as defined by 20 C.F.R. 404.1567(b) and 416.967(b) except he has a limited education, can read and write, do simple math like adding and subtracting; no forceful gripping or grasping; no constant use of hands. Tasks that are routine, repetitive, up to moderately complex tasks. No very complex tasks. He can lift/carry10 pounds frequently, 20 pounds occasionally. He can be on his feet up to 3 hours in an 8-hour workday, 60 minutes at a time. He can sit 6 hours in an 8-hour workday, 60 minutes at a time. Sometimes he needs to stand and stretch for up to a minute during the hour of sitting. He can occasionally climb, balance, stoop, kneel, crouch, and crawl. No work at heights, no operating dangerous machinery, no hypervigilance. No rapid physical activity like rapid assembly lines. No quick decision working. Miss work once, sometimes twice a month.

A.R. 29-33. At step four, the ALJ found Plaintiff unable to perform his past relevant work based on the vocational expert's testimony. A.R. 33. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity. A.R. 33-34. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-49 on the alleged onset date, who subsequently changed age category to closely approaching advanced age, with limited education, able to communicate in English, and for

whom the transferability of job skills is not material to the determination of disability. A.R. 33. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a small products assembler and an electronics worker, along with other available jobs. A.R. 33-34. Based on all of these findings, the ALJ found Plaintiff not disabled and denied his application for a period of disability and disability insurance benefits. *See* A.R. 34.

### III.   ANALYSIS AND FINDINGS

The sole issues on appeal are whether the ALJ improperly rejected the findings of Plaintiff's treating physician (Dr. Oluyemisi Olubi) and examining physician (Dr. Thomas Sichi) in determining Plaintiff's RFC.[2] The Court will address the ALJ's consideration of the opinions of each physician below in turn.

####   A.   Dr. Olubi

If a treating doctor's opinion is not contradicted by another doctor, the ALJ may only reject the treating doctor's opinion for "clear and convincing" reasons supported by substantial evidence in the record. *See, e.g.*, *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In this instance, Dr. Olubi opined that Plaintiff had significant limitations in many areas, including sitting, standing, and walking. *See* A.R. 431-38, 520. The ALJ rejected those findings of limitation because

---

[2] The Court notes several threshold issues at the outset. First, Plaintiff does not dispute the ALJ's adverse credibility finding as to Plaintiff's testimony. *See* A.R. 29-31. Plaintiff's testimony contains significant inconsistencies, and the Court is especially troubled by his testimony that he was not working given the significant record that he had a "regular line of work" employed as a cruise ship singer and dancer during at least part of 2012 and 2013. *Compare* A.R. 359, 489, 500, 504, 506 (noting Plaintiff's work singing, dancing, and touring in 2012 and 2013) *with* AR. 45 (Plaintiff's testimony to the ALJ on May 15, 2013 that it "seems like it's been a long time" since he worked). Nonetheless, the ALJ's adverse credibility determination is not at issue on appeal.

Second, Plaintiff attacks the ALJ's RFC determination in a broad brush stroke, asserting it was "unsupported by any affirmative medical evidence of record." Docket No. 13 at 14, 17. Such a generalized argument does not sufficiently preserve this issue for appeal. *See, e.g.*, *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996) (arguments raised on appeal in summary fashion are deemed forfeited).

they were not supported by objective clinical findings and were inconsistent with examination findings and Plaintiff's activities in daily life. *See* A.R. 32.

The ALJ found that the limitations suggested by Dr. Olubi would require Plaintiff to spend the bulk of his time in bed or lying down. *See* A.R. 32. The ALJ found such opined limitations at odds with Plaintiff's daily activities. *See id.* For example, Plaintiff's daily activities included being engaged in a "regular line of work" performing on tour as a singer and dancer on a cruise line. *See, e.g.*, A.R. 500 (referring to Plaintiff's "regular line of work," which required Plaintiff to hold a microphone and perform dance steps); *see also* A.R. 359, 489, 504, 506. Plaintiff acknowledges on appeal that the record reflects that he was indeed employed as a singer and dancer during this period. *See* Docket No. 13 at 14.[3] An ALJ may discount a treating physician's opinion when it is inconsistent with the Plaintiff's level of activity. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). There was no error in the ALJ's decision to discount Dr. Olubi's opinion in light of that evidence.

The ALJ also found that there was no objective evidence of the opined limitations and that they were inconsistent with the medical record. *See* A.R. 32. For example, the record reflected that Plaintiff had a normal gait, was able to stoop without difficulty, and was able to lift each foot off the ground and stand without assistance. *See* A.R. 367; *see also* A.R. 406, 408, 411, 412, 415, 461, 463, 465, 490 (discussing Plaintiff's gait, strength, reflexes and coordination). Moreover, Plaintiff's upper extremities were assessed and a full active and passive range of motion was found. A.R. 368. The record also showed that Plaintiff's symptoms were controlled in part through treatment. *See* A.R. 405 ("Neck brace has helped . . . splint helps . . . Meds are helping"); *see also* A.R. 359, 498, 502, 508, 513. An ALJ is permitted to reject a treating physician's opinion when it is inconsistent with the medical records. *See*, *e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1040-41 (9th Cir. 2008); *Young v. Heckler*, 803 F.2d 963, 967-68 (9th Cir. 1986). The ALJ did not err in doing so here.

---

[3] While Plaintiff attempts to minimize the importance of the record with respect to his employment as a singer and dancer, he has failed to show that the ALJ's decision was not supported by substantial evidence.

In short, the ALJ provided clear and convincing reasons for discounting the opinion of Dr. Olubi, and these reasons were supported by substantial evidence. The ALJ did not err in discounting Dr. Olubi's opinion.

B.  Dr. Sichi

As is the case with the opinion of a treating doctor, the uncontradicted opinion of an examining doctor may only be rejected for clear and convincing reasons supported by substantial evidence. *See, e.g.*, *Ryan*, 528 F.3d at 1198. In this instance, Dr. Sichi opined that Plaintiff had numerous impairments that limited him to less than a full range of sedentary work. *See* A.R. 365-73. The ALJ afforded limited weight to Dr. Sichi's opinions for a variety of reasons, including that the limitations were inconsistent with Plaintiff's treatment records. *See* A.R. 32. For the reasons stated above with respect to the ALJ's consideration of Dr. Olubi's opinion, the ALJ's decision to discount the opinion of Dr. Sichi was not reversible error.

IV. CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ did not commit legal error.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 13) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 16) be **GRANTED**.

IT IS SO ORDERED.

DATED:   January 22 , 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).